# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2013

Lyle W. Cayce
Clerk

No. 13-30123
Summary Calendar

RODRICK SHELDON BETZ,

Plaintiff-Appellant

v.

UNKNOWN WILLIAMS, Doctor, Medical Doctor Health Care Provider; JAMES
LEBLANC, Mr., Secretary Louisiana Department of Correction; N. BURL CAIN,
Warden, Louisiana State Penitentiary; UNKNOWN ROUNDTREE, Doctor,
Medical Doctor - Director of R.E. Borrow T/C; UNKNOWN NORRIS, Warden of
R.E. Borrow T/C,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-277

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rodrick Sheldon Betz, Louisiana prisoner # 116398, moves for leave to
proceed in forma pauperis (IFP) to appeal the denial of his 42 U.S.C. § 1983
complaint. Betz alleged that he was denied adequate medical care in violation
of the Eighth and Fourteenth Amendments, the Americans with Disabilities Act,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and the Rehabilitation Act; he also alleged a state law claim of negligence. The district court granted James LeBlanc, Burl Cain, Dr. Roundtree, and Warden Norris's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), declined to exercise supplemental jurisdictional over Betz's state law claim, dismissed Betz's complaint against the moving defendants for failure to state a claim upon which relief can be granted without prejudice to Betz's state law claim, and dismissed Betz's complaint against Dr. Williams without prejudice for failure to effect timely service.

When, as in this case, a district court certifies that an appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3), the appellant may either pay the filing fee or challenge the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If we uphold the district court's certification that the appeal is not taken in good faith, the appellant must pay the filing fee or, alternatively, we may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Betz first contends that the district court erred by denying his motion to compel the production of his complete medical records. The district court denied Betz's motions to compel because Betz failed to certify that he had consulted with opposing counsel and he had received all pertinent records. The district court explained that the complete medical records were only relevant to establish Dr. Williams's liability, and the claims against Dr. Williams were being dismissed without prejudice due to Betz's failure to effect timely service. In light of the reasons given by the district court, which Betz has failed to rebut, Betz has not shown any abuse of discretion and thus fails to raise a nonfrivolous issue

for appeal on this ground.  *See Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010); *Howard*, 707 F.2d at 220.

Next, Betz complains that the district court denied his motion for a default judgment, asserts that he was deprived of due process because the prison failed to timely forward his pleadings to the district court, and requests that this court reverse the district court's ruling so that the unconstitutional denial of adequate medical care he experienced can be litigated.  Betz does not actually challenge the denial of his motion for a default judgment or explain why the district court erred in dismissing his complaint.  Accordingly, he has abandoned these issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Any claim related to the prison mailing system was not raised in Betz's complaint, and we will not consider it.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).  Therefore, Betz fails to raise a nonfrivolous issue for appeal on these grounds.  *See Howard*, 707 F.2d at 220.

Last, Betz argues that the district court erred by assessing an initial partial filing fee on appeal because he has no means by which to pay the fee. "The obligation to pay filing fees, over time if necessary, is not an unconstitutional denial of access to the court system." *Norton v. Dimazana*, 122 F.3d 286, 290 (5th Cir. 1997).  Additionally, the assessment of an initial partial filing fee has not prevented Betz from proceeding in the instant appeal since the appeal is not being dismissed for failure to pay the fee.  *See* § 1915(b)(4). Therefore, Betz fails to raise a nonfrivolous issue for appeal on this ground.  *See Howard*, 707 F.2d at 220.

Betz's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  The district court's dismissal of Betz's § 1983 complaint for failure to state a claim on which relief may be granted and the dismissal of this appeal as frivolous count as strikes under § 1915(g).  *See* § 1915(g); *Adepegba v. Hammons*,

No. 13-30123

103 F.3d 383, 387-88 (5th Cir. 1996). Betz is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).